IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

LARRY YARBROUGH,            )
                            )
              Plaintiff,    )
                            )
vs.                         )    CIV-03-233-L
                            )
ARD GATES, et al.,          )
                            )
              Defendant.    )

<u>O R D E R</u>

A motion to dismiss has been filed by Defendant Wes Hardin. Accordingly, Plaintiff is given notice of his opportunity to respond. Failure to respond may result in dismissal pursuant to Local Civil Rule 7.2(e). In addition, to the extent that the motion to dismiss relies upon and is supported by affidavits and/or other documents, Plaintiff should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rules and 56.1. <u>See also</u>, Fed. R. Civ. P. 12(b); <u>Reed v. Dunham</u>, 893 F.2d 285, 287, n. 2 (10th Cir. 1990).

When a dispositive motion is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. The party opposing the motion must respond with counter-affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact to



be litigated at the trial. If the party opposing the motion does not so respond, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and judgment entered in his favor.

Plaintiff shall have until _____June 23_____, 2003, (twenty days) to respond to the motion. Thereafter, the motion will be taken under advisement by the Court and an order entered thereon without further notice.

IT IS SO ORDERED this 3rd day of _____June_____, 2003.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE