IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LARRY YARBROUGH,                  )
                                  )
            Plaintiff,            )
                                  )
                                  )  CIV-03-233-L
v.                                )
                                  )
ARD GATES, et al.,                )
                                  )
            Defendants.           )

FILED JUN 2 6 2003
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

DOCKETED

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint, Plaintiff alleges numerous constitutional deprivations against Ard Gates, identified by Plaintiff as an Assistant District Attorney for Kingfisher County, Cathy Stocker, identified as the District Attorney for Kingfisher County, Kingfisher County District Judge Susie Pritchett, Wes Hardin, identified as "part of the arrest team," Ray Shimanek, identified as the "Jury Foreman," and Kingfisher County Sheriff Danny Graham. Petition, at 1, 4. Defendants Gates, Stocker, and Pritchett have moved to dismiss the cause of action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. (Doc. #10). Defendants Graham and Hardin have separately moved to dismiss the cause of action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. (Docs. #12, 17). Plaintiff has responded to the motions to dismiss and has also moved to amend his Complaint to assert

1



a demand for compensatory damages with regard to one of his claims for relief. (Doc. #19).

I. Standard of Review

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109(10th Cir. 1991). In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id.  A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520(1972). However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174(10th Cir. 1997).

II. Plaintiff's Claims

Taking judicial notice of the Court's own records, Plaintiff is in the custody of the Oklahoma Department of Corrections serving a sentence of life imprisonment with possibility of parole entered in the District Court of Kingfisher County, Oklahoma, for the offense of trafficking in narcotics after former conviction of two or more felonies. Plaintiff has previously sought habeas relief from this conviction on two occasions in this Court. Plaintiff's first habeas petition was dismissed without prejudice on Plaintiff's voluntary motion. Yarbrough v. Saffle, No. CIV-99-632-L (W.D. Ok. Nov. 30, 1999)(Order and

Judgment, Leonard, D.J.). Plaintiff's second habeas petition was dismissed on the ground that it was time-barred by operation of 28 U.S.C. §2244(d)(1). Yarbrough v. Ray, No. CIV-01-1421-L (W.D. Ok. Jan. 31, 2002)(Order and Judgment, Leonard, D.J.). Plaintiff appealed this decision, and in an unpublished opinion entered in December 2002 the Tenth Circuit Court of Appeals affirmed District Judge Leonard's finding that the petition was time-barred. Yarbrough v. Ray, No. 02-6125, 2002 WL 31745062(10th Cir. Dec. 9, 2002)(unpublished op.).[1]

In his Complaint filed February 24, 2003, Plaintiff alleges a constitutional claim of slander against Defendants Gates, Stocker, and Graham. As factual support for this claim, Plaintiff alleges that three members of the Oklahoma Pardon and Parole Board ("Parole Board") recommended that Plaintiff's sentence be commuted from a sentence of life without parole to a twenty year sentence and two members of the Parole Board recommended that Plaintiff's sentence be commuted to time served. Plaintiff alleges that after this recommendation "the District Attorneys [sic] Office were [sic] quoted in newspaper articles that [Plaintiff] was a danger to society and they stated to the Governor's office that [Plaintiff]

---

[1] Plaintiff has also filed a previous 42 U.S.C. §1983 action in this Court against several Kingfisher County officials and the City of Kingfisher alleging that prior to his arrest on the trafficking charge he was harassed by Kingfisher law enforcement officers, that he was unlawfully denied bail and denied adequate medical care and proper food and was in fear for his life during his pretrial detention in the Kingfisher County Jail, that he was denied due process when certain documents were removed from his jail cell, and that he was libeled by the Kingfisher County Sheriff as a result of statements made by the Sheriff to the media. Summary judgment was issued in favor of all of the Defendants in this action, and the Tenth Circuit Court of Appeals affirmed the judgment. Yarbrough v. City of Kingfisher, No. 97-6352, 1998 WL 427122(10th Cir. July 14, 1998), cert. denied, 525 U.S. 1077(1999).

was a habitual offender, which was not true..." Complaint, at 5. Plaintiff alleges that "the Sheriffs [sic] Office" also joined in these "slandered remarks" which he asserts "led to the sentence [recommendation] being denied by the Governor." Complaint, at 5. Plaintiff attaches to the Complaint copies of newspaper articles which reported statements by Defendant Stocker, in her capacity as the District Attorney for Kingfisher County, that she planned to protest the Parole Board's recommendation regarding Plaintiff's sentence commutation to former Oklahoma Governor Keating. The articles also reported statements by Defendant Gates, in his capacity as an Assistant District Attorney for Kingfisher County, during the Parole Board's hearing concerning the investigation and trial of Plaintiff, including the fact that over 28 grams of illegal substances were recovered from Plaintiff's home and business in a search pursuant to a search warrant. In one of the articles, Defendant Gates was reported to have stated to the Parole Board that he considered Plaintiff to be "a very dangerous man to our community." Complaint, unnumbered attachment. In another of the articles, Defendant Graham was reported to have stated, "I believe our governor should make a statement by upholding what the jury did...The Kingfisher County jury made a statement about how it feels about illegal drugs when it convicted Yarbrough and sentenced him according to the law. If a jury convicts a defendant, we should live by that." Complaint, unnumbered attachment.

In count two of the Complaint, Plaintiff contends that "the prosecutor knowingly introduced and argued perjured testimony in the course of the conviction." Complaint, at 6. Plaintiff attaches certain pages of his trial transcript to support this claim. In count three of

4

the Complaint, Plaintiff contends that the "failure of the judge to recuse herself from the [Plaintiff's] case once it became known that there was conflict of interests [sic] which [sic] should warrant new trial." Complaint, at 7. Attached as support for this claim is a copy of an order regarding motion to recuse filed March 17, 1997, by Defendant Pritchett in Plaintiff's Kingfisher County criminal proceeding. Plaintiff also attaches other trial records in support of this claim.

In count four of the Complaint, Plaintiff alleges that he was denied a fair trial because Defendant Shimanek, who was the jury foreman for Plaintiff's criminal trial, "falsified his testimony and failed to inform the court that the commissioner of the Kingfisher County Sheriffs [sic] Department was his cousin and in law enforcement..." Plaintiff also alleges that Defendant Shimanek "had unauthorized communication with law enforcement officials during [jury] deliberations." Complaint, at 8. Plaintiff attaches as factual support for this claim an affidavit purportedly by a member of the jury in Plaintiff's trial in which the juror asserts he was told by Defendant Shimanek that during the trial he had gone "riding" with Defendant Hardin. Complaint (numbered "P. 6 - ct. 4").

In his fifth ground for relief, Plaintiff alleges that "the trial judge displayed biasness [sic] toward defense during motion for new trial hearing held on March 21st 1997." Complaint (numbered as "Pg. 1"). In his sixth ground for relief, Plaintiff alleges that "the district attorneys [sic] office of Kingfisher County used expired after former convictions to enhance [Plaintiff's] term of sentence." Complaint (numbered as "Pg. 1-Ct. 6").

III. Slander Claim

Plaintiff asserts in the first count of the Complaint a claim of slander against Defendants Gates, Stocker, and Graham for their statements made to the media, made during the Parole Board's hearing on Plaintiff's parole application, and made to former Oklahoma Governor Keating with regard to the Parole Board's recommendation that Plaintiff's sentence be commuted. The Supreme Court held in Paul v. Davis, 424 U.S. 711, 712(1976), that an interest in reputation "is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." Plaintiff, however, alleges that Defendants' statements resulted in the denial of Plaintiff's request for parole or commutation of his sentence. As an Oklahoma inmate, Plaintiff has no liberty interest in parole. See, e.g., Vann v. Oklahoma State Bureau of Investigation, No. 01-6102, 2001 WL 1515864(10th Cir. Nov. 29, 2001)(unpublished op.)(citing Shirley v. Chestnut, 603 F.2d 805, 807(10th Cir. 1979)). Moreover, if Plaintiff could show that his parole or sentence commutation were denied because of Defendants' false statements, this would "call into question" the Parole Board's parole/commutation decision. Heck v. Humphrey, 512 U.S. 477, 483(1994). In Heck, the Supreme Court addressed the issue of when a plaintiff may bring a 42 U.S.C. §1983 claim related to a conviction or sentence. The Court concluded that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

6

issuance of a writ of habeas corpus.

Heck, 512 U.S. at 486-487. Heck "applies to proceedings that call into question the fact or duration of parole or probation." Crow v. Penry, 102 F.3d 1086, 1087(10th Cir. 1996). Defendants Gates, Stocker, and Graham have asserted that all of Plaintiff's claims against them are barred by the principle established in Heck, although none of these Defendants specifically addresses Plaintiff's claim of slander in relation to the denial of his application for parole or sentence commutation. Heck precludes Plaintiff's civil rights action for damages based on the allegations in count one of the Complaint, and the Plaintiff's §1983 claim in count one against Defendants Gates, Stocker, and Graham for damages or for declaratory or injunctive relief should be dismissed without prejudice. See Lawson v. Engleman, No. 02-7012, 2003 WL 21300347, *1 n.2(10th Cir. June 6, 2003)(unpublished op.)(applying Heck to inmate's claims for declaratory or injunctive relief related to his conviction and sentence). Moreover, construing Plaintiff's slander claim as one brought under 28 U.S.C. §2254 as a petition for a writ of habeas corpus seeking relief from the parole/commutation decision, the §2254 claim should be denied without prejudice due to Plaintiff's failure to demonstrate either that he has exhausted state court remedies concerning this claim or that there are no state court remedies available to him. 28 U.S.C. §2254(b)(1).

IV. Attack on Conviction

As Defendants Gates, Stocker, Pritchett, and Graham assert in their motions to dismiss, Plaintiff's claims in counts two through six of the Complaint are also barred by the principle of law established in Heck. Plaintiff's claims in grounds two through six of the

Complaint clearly "imply the invalidity of his conviction or sentence." Id. at 487. Thus, in the absence of any evidence that his conviction has been reversed or otherwise held invalid, his claims in grounds two through six seeking "[i]njunction [sic] relief, new trial or time modification" are premature under Heck.

Plaintiff argues that his claims should be governed by an exception to the rule announced in Heck because he has previously been denied habeas relief on the ground that his petition was untimely and he therefore has no available federal avenue for challenging his conviction other than a §1983 action. However, the only exception suggested in Heck to its holding applies to cases involving harmless error, independent source, inevitable discovery, or some other claim that "even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." Id. at 487 n. 7. None of Plaintiff's claims in counts two through six involve this exception. Accordingly, Plaintiff's claims in counts two through six of the Complaint are barred from judicial review under Heck, and these claims could be dismissed without prejudice. See Fottler v. United States of America, 73 F.3d 1064, 1065-1066(10th Cir. 1996)(dismissal under Heck is dismissal without prejudice). However, the findings made herein relevant to the statute of limitation governing Plaintiff's §1983 claims in counts two through six support a recommendation that these claims be dismissed with prejudice. Thus, the undersigned does not recommend that Plaintiff's claims in counts two through six be dismissed without prejudice under Heck.

Moreover, the futility of allowing Plaintiff to amend his Complaint to seek relief from his conviction under 28 U.S.C. §2254 is apparent as Plaintiff has previously been denied

8

habeas relief on the ground that his petition was not timely filed. Additionally, Plaintiff has not received the approval of the Tenth Circuit Court of Appeals to file a successive petition. 28 U.S.C. §2244(b)(3)(A).

V. <u>Statute of Limitation</u>

Defendants Gates, Stocker, Pritchett, and Graham alternatively assert that the Plaintiff's claims in counts two through six are barred by the statute of limitation governing these §1983 claims. Defendant Hardin also asserts that the Plaintiff's claim against him in count four is barred by the statute of limitation governing this claim. Oklahoma's two-year statute of limitations for "injury to the rights of another, not arising out of contract," codified at Okla. Stat. tit. 12, §95(3), applies to Plaintiff's §1983 action. See <u>Meade v. Grubbs</u>, 841 F.2d 1512, 1522(10th Cir. 1988). Unless a plaintiff can present a basis for tolling the running of the statute of limitation, the limitation period begins to run when the cause of action accrues. While the limitation and tolling period applicable to a cause of action are governed by state law, the accrual of a cause of action is determined by federal law. <u>Baker v. Bd. of Regents</u>, 991 F.2d 628, 632(10th Cir. 1993). In this circuit, a cause of action under §1983 accrues when the "'facts that would support a cause of action are or should be apparent.'" <u>Fratus v. Deland</u>, 49 F.3d 673, 675(10th Cir. 1995)(quoting <u>Blumberg v. HCA Management Co., Inc.</u>, 848 F.2d 642, 645(5th Cir. 1988), <u>cert. denied</u>, 488 U.S. 1007(1989)).

Plaintiff filed this action on February 24, 2003. The claims he urges in counts two through six of the Complaint accrued either during the trial itself conducted in January and

February 1997 or at the latest on March 17, 1997, when Defendant Pritchett issued an order regarding motion to recuse, which forms the basis for Plaintiff's claim against Defendant Pritchett in count three. Because these dates precede the filing of this cause of action by more than two years, Plaintiff's §1983 claims in counts two through six against Defendants Gates, Stocker, Pritchett, Graham, and Hardin are barred by the applicable statute of limitation. Plaintiff has presented no acceptable reason for tolling the two-year limitation period, and no basis for tolling the limitation period can be founded upon Plaintiff's lack of legal expertise, limited education, his confinement, or his restricted access to legal materials. See Hogan v. Okla. Dep't of Corrections, No. 98-6127, 1999 WL 84466(10th Cir. Feb. 22, 1999)(Oklahoma does not have tolling provision for inmates)(unpublished op.); Hill v. Gilliam, No. 98-6138, 1999 WL 41110(10th Cir. Feb. 1, 1999)(same)(unpublished op.); Carlos v. Birzer, No. 97-3017, 1997 WL 579186(10th Cir. Sept. 18, 1997)(rejecting prisoner's allegation that §1983 limitation period should be tolled "due to his incarceration, due to his lack of legal expertise, and due to his intellectual capacity and limited education")(unpublished op.); Woodward v. Sedgwick County Jail Admin'r, No. 96-3202, 1997 WL 31548, *2(10th Cir. Jan. 27, 1997)(fact that plaintiff may not have discovered legal basis for §1983 claim until later did not extend time for filing cause of action)(unpublished op.); Williams v. City of Haskell, Oklahoma, No. 95-7022, 1995 WL 430170(10th Cir. July 21, 1995)(rejecting assertion by Oklahoma prisoner that his confinement and restricted access to legal resources should toll running of limitation period applicable to his §1983 action)(unpublished op.). Accordingly, Plaintiff has failed to state a claim for relief in counts

two through six against Defendants Gates, Stocker, Pritchett, Graham, and Hardin, and these Defendants' motions to dismiss should be granted with prejudice for failure to state a claim for relief.

## RECOMMENDATION

Based on the foregoing reasons, it is recommended that the Motion to Dismiss by Defendants Gates, Stocker, and Pritchett (Doc. #10) and that the Motion to Dismiss by Defendant Graham (Doc. #12) be GRANTED and that the cause of action be dismissed as to these Defendants. This dismissal should be without prejudice as to count one of the Complaint and with prejudice as to counts two through six of the Complaint. Construing count one of the Complaint as a claim for habeas relief under 28 U.S.C. §2254, it is recommended that the claim be dismissed without prejudice for failure to exhaust state court remedies. It is further recommended that the Motion to Dismiss by Defendant Hardin (Doc. #17) be GRANTED and that the cause of action against this Defendant set forth in count four of the Complaint be dismissed with prejudice. Plaintiff's Motion to Amend filed June 17, 2003 (Doc. #19), in which Plaintiff seeks leave to amend the Complaint to assert that he is seeking damages with regard to his claim in count one for slander, is denied. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by _July 16_, 2003, in accordance with 28 U.S.C. §636 and LCvR 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 26th day of June, 2003.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE