IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY YARBROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-03-233-L |
| ) | |
| ARD GATES, et al., ) | |
| ) | |
| Defendants. ) | |

# **O R D E R**

This matter is before the court for review of the Report and Recommendation entered by United States Magistrate Judge Gary M. Purcell on June 26, 2003, in which he recommended that motions to dismiss presented by various defendants be granted. In a subsequent Report and Recommendation, Magistrate Judge Purcell recommended that this action be dismissed without prejudice with respect to defendant Ray Shimanek due to plaintiff's failure to demonstrate that Mr. Shimanek had been served in a timely manner. Report and Recommendation (filed July 23, 2003). Plaintiff has objected to both Reports. In his objection to the June 26, 2003 Report and Recommendation, plaintiff argues that he should be permitted to amend his complaint and that the statute of limitations has not run because he is alleging a continuing violation. In his objection to the July 23, 2003 Report and

1

Recommendation, plaintiff provided evidence that defendant Shimanek was served on April 9, 2003.

Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In accordance with this mandate, the court has reviewed the Reports and Recommendation, plaintiff's objections thereto, and the case file. Based on this review, the court adopts the recommendation contained in the June 26, 2003 Report that plaintiff's claims be dismissed pursuant to the rule enunciated in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[1] Likewise, the court finds that counts two through six of the complaint are barred by the two-year statute of limitations and are not salvaged by the continuing violation doctrine. That doctrine, which arose in the context of employment discrimination claims,[2] has not been applied to claims brought pursuant to § 1983 in this circuit. Indeed, the Court of Appeals for the Tenth Circuit has indicated that the doctrine would not be applicable to such claims. Holmes v. Regents of the University of Colorado, 1999 WL 285826 at **3 n.2 (10th Cir. 1999) (unpublished opinion cited for persuasive value). In Holmes, the Court reasoned that analogous cases suggest that the doctrine would not apply to civil rights cases. "For example, in *Thomas v. Denny's, Inc.*, 111 F.3d

---

[1] The court, however, declines to construe plaintiff's slander claim as a habeas claim, as doing so would implicate the rules regarding second or successive habeas petitions.

[2] *See* Martin v. Nannie & the Newborns, Inc., 3 F.3d 1410, 1415 (10th Cir. 1993), *abrogation recognized by* Davidson v. America Online, Inc., 337 F.3d 1179, 1185 (10th Cir. 2003).

1506, 1514 (10th Cir. 1997), we acknowledged in the context of a 42 U.S.C. § 1981 action that 'the continuing violation theory is a creature of the need to file administrative charges, and because [this type of] claim does not require filling such charges before a judicial action may be brought, the continuing violation theory is simply not applicable.'" Holmes, at **3 n.2. *See also* Rassam v. San Juan College Board, 1997 WL 253048 at **3 (10th Cir. 1997). Regardless, "if an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine to overcome" the statute of limitations. Martin, 3 F.3d at 1415 n.6. Moreover, the mere fact that acts that occurred outside the limitations period had continuing effect within the limitations period is not sufficient to invoke the continuing violation doctrine. Id. at 1415. As the Magistrate Judge correctly noted, plaintiff's claims accrued, and he had actual knowledge of that accrual, no later than March 17, 1997, nearly six years before he filed this action. His claims are thus clearly barred.

The court does not, however, adopt the July 23, 2003 Report and Recommendation as plaintiff has shown that defendant Shimanek was served within the time limit set by the Magistrate Judge. Nonetheless, the claim against defendant Shimanek must be dismissed, as it runs afoul of Heck. Thus, plaintiff's motion for default judgment against defendant Shimanek must be denied. Furthermore, the court finds that plaintiff's proposed amendment does not cure the deficiencies noted

3

by the Magistrate Judge. Thus, allowing him to amend his complaint would be futile. See Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993).

In sum, the court GRANTS the following motions: Motion to Dismiss on Behalf of Defendants Gates, Stocker, and Pritchett (Doc. No. 10); Defendant Sheriff Danny Graham's Motion to Dismiss (Doc. No. 12); and Defendant Wes Hardin's Motion to Dismiss (Doc. No. 17). Plaintiff's Motion to Amend (Doc. No. 19), Request for Default Judgment (Doc. No. 26), and Request to Enter Default (Doc. No. 27) are DENIED. Count One is dismissed **without prejudice**. Counts Two, Three, Four, Five, and Six are dismissed **with prejudice** with respect to all defendants except defendant Shimanek. Count Four is dismissed **without prejudice** with respect to defendant Shimanek. Judgment will issue accordingly.

It is so ordered this 2nd day of March, 2004.

*Tim Leonard*
TIM LEONARD
United States District Judge

Entered in Judgment on 03-02-04